<hr />

[Civ. No. 10588. Second Appellate District, Division One—February 20, 1936.]

MERL R. CLARK, Respondent, v. WESTERN FEEDING COMPANY (a Corporation), Appellant.

R. D. McLaughlin and Walter L. Jenkins for Appellant.

Laurence B. Martin and Gwartney & Gall for Respondent.

HOUSER, P. J.—*Supersedeas.* The essential facts involved herein, in substance, are that in an action that was pending in the superior court, the plaintiff therein, Merl R. Clark, was awarded a judgment against Western Feeding Company, a corporation, et al., by the terms of which the title to 81 shares of stock in the defendant corporation was quieted in the plaintiff, Clark, and from which judgment the defendant Western Feeding Company appealed to this court. In the meantime, it appearing that the said 81 shares of stock represented considerably more than ten per cent of the issued and outstanding stock of said corporation, Clark instituted a proceeding in the superior court for the purpose of enabling him, as owner of said stock, to examine the books and records of said corporation; and which proceeding resulted in an order being made by the superior court by which that privilege was accorded to him. Thereupon Western Feeding Company appealed from that order, also.

At the instance and request of Western Feeding Company, this court caused a temporary stay of execution or writ of *supersedeas* to issue, by which, in substance, pending a hearing in this court on the application of Western Feeding Company for a permanent order of *supersedeas,* Clark was restrained from making any examination of the books and records of said corporation. However, from recent additions to the record herein, it now appears that as to the appeal from the judgment by which the title of Clark was quieted to said 81 shares of stock, that judgment has become final;—from which it should follow that, as such owner of the said 81 shares of stock, in accordance with the provisions of section 357 of the Civil Code, *prima facie,* at least, Clark is entitled to make the examination of the said books and records which were the subject of the said order.

An inspection of the appellant's opening brief filed in the appeal from the order in question discloses the fact that the principal point relied upon by appellant therein, to wit, the alleged invalidity of the judgment by which Clark was ad-

judged to be the owner of said stock, having been decided against the contention of appellant, it becomes manifest that said determination is practically decisive of the appeal from the order.

The remaining and subsidiary point in appellant's said brief in the matter of the appeal from the order, does not appear to be seriously presented. But in any event, without here attempting to determine said point, from a cursory examination of the record, it may suffice to state that at most, especially considering the record and files in the two appeals, it is not of that force which, even if sustained in principle, would be of sufficient importance to justify a reversal of the order.

In such circumstances, and in consequence of the entire situation as hereinbefore outlined, it is ordered that the temporary stay of execution or alternative writ heretofore issued herein, be, and it is, hereby quashed and discharged.

York, J., concurred.